**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN THE MATTER OF:

LANH HUU NYGUYEN,

                              Petitioner,

      - v -                                      Civ. No. 1:06-MC-118
                                                               (DNH/RFT)

THE UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

                              Respondent.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

OFFICE OF ALICE K. BERKE             FREDERICK P. KORKOSZ, ESQ.
Attorney for Petitioner
930 Madison Avenue
The Berke-Salem Building
Albany, New York 12208

HON. GLENN T. SUDDABY               CHARLES E. ROBERTS, ESQ.
OFFICE OF THE UNITED STATES ATTORNEY
Attorney for Respondent
100 South Clinton Street
Syracuse, New York 13261-7198

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

Petitioner Lanh Huu Nguyen moves this Court to review the Board of Immigration Appeals Decision, dated March 9, 2006, affirming the Decision of an Administrative Immigration Judge denying Nguyen's application to change his birth date as noted on his naturalization and citizenship

---

[1] This matter was referred to this Court by the Honorable David N. Hurd, United States District Judge, on March 15, 2007.

documents. Dkt. Nos. 1, Pet. to Am. Cert. of Naturalization, dated Sept. 25, 2006, & 4, Mem. of Law, dated Oct. 11, 2006. Respondent Homeland Security opposes Nguyen's Application to Amend his Certificates of Naturalization. Dkt. No. 8, Answer, dated Nov. 29, 2006. On June 29, 2007, a hearing was held with Nyugen testifying and both he and the Government presenting exhibits.[2]

## I. PETITION FOR CITIZENSHIP

Nguyen, a native of Vietnam, was granted refugee status pursuant to the Immigration and Nationality Act and entered the United States on September 26, 1984. Nguyen's application for refugee status and all other attending documents reflected his birth date as September 30, 1969. Pet. Ex. 3; Resp. Ex. A. In 1990, Nguyen petitioned this country for naturalization and citizenship. His Petition for Naturalization and all accompanying documents also listed his birth date as September 30, 1969. Pet. Exs. 2 & 3; Resp. Ex. B-C. On May 15, 1990, Nguyen was granted United States citizenship and received a Certificate of Naturalization which also bears the same date of birth. Resp. Ex. D. In fact, this birth date is listed on all of his governmental records.

Approximately fifteen years later, on March 4, 2005, Nguyen filed an Application for Replacement of his Naturalization/Citizenship Document. Pet. Ex. 1. The purpose for the Replacement Application was to correct his Certificate of Naturalization to reflect a change of his birth date from 1969 to 1960 with reasons for the change stated in Nguyen's Affidavit, dated November 5, 2004. *Id*. An Administrative Law Judge for the United States Citizenship and Immigration Services denied his Application and said denial was affirmed by the Administrative Appeals Office (AAO). *Id*. Relying specifically upon agency regulations, particularly 8 C.F.R. §

---

[2] Both parties submitted exhibits. Nguyen's Exhibits were previously attached to this Petition to Amend. The Government submitted documents that in most respect were duplicative of some of Nguyen's Exhibits. None of the exhibits were challenged and were admitted into evidence without objections.

338.5, the AAO found that the reason for the change of his birth date was not based upon a clerical error and accordingly found no justification to alter the Certificate of Naturalization. Nguyen's Application for Replacement was dismissed without prejudice and the AAO's determination noted that he could submit his request to an United States District Court since the courts may have a different, more discretionary standard of review. *Id*. Nguyen has filed such a Petition with this Court.

## II.  HEARING ON JUNE 29, 2007

In addition to submitting exhibits, Nguyen testified on his behalf at a Hearing held on June 29, 2007. Nguyen was born in the district of Tuy Hoa, Vietnam to the union of An Nguyen and Len Luu. *See* Pet. Ex. 2.[3] After the communist revolution took hold in Vietnam, renaming the country the Socialist Republic of Vietnam, scores of Vietnamese attempted to leave this socialist regime, including Nguyen and his siblings. Nguyen opposed the regime, and in 1983, escaped Vietnam on a boat that carried him and throngs of others to the Philippines. Nguyen was separated from his parents but landed with an older and younger brother in a refugee camp that held approximately 80,000 refugees. Before leaving Vietnam, Nguyen completed the equivalent of tenth grade.

While in the Filipino refugee camp, he was told by many of the camp's inhabitants that if he was fortunate enough to go to America and wished to attend school there, he would have to be under the age of eighteen. Otherwise, he would be compelled to seek work. At the time of his arrival in the Philippines, Nguyen was twenty-three years old but did not possess any formal documentation confirming his exact date of birth. Like many others in the encampment who were

---

[3] *See* Nyugen's Biographical Information Sheet dated on or about December 17, 1985. Pet. Ex. 2  The exact same information is also reflected on a certified copy of Lanh Huu Nguyen's Socialist Republic of Vietnam Birth Certificate. Pet. Ex. 4.

completing applications for asylum and/or refugee status in the United States, Nguyen understated his date of birth by nine years by changing it to September 30, 1969, so that if and when he entered the United States he would appear to be sixteen years old and thus able to attend high school. Nguyen admits that he used this incorrect birth date on every formal governmental document thereafter.

Catholic Charities brought Nguyen to the United States where he attended high school for a year and half and matriculated at Syracuse University earning a degree. Since graduating from Syracuse University, he has held employment with several significant corporate employers and is currently working for American Electric Power in Columbus, Ohio. Even though Nguyen subsequently learned that there was no age restriction to attend school, he did not make any effort to change his birth date until 2005. He even knew at the time he submitted his Application for Naturalization there wasn't any age requirement to attend school but nonetheless continued to use the same incorrect birth date. In explaining his continued misrepresentation of his birth date, Nyugen proffers that initially he did not know that he could change his birth date and also believed it would be illegal to do so even with other documentation.[4]

Nguyen has returned to Vietnam on several occasions and in 1996 and 2004 he secured a certified copy of his birth certificate from his province's local government. Presented into evidence is a certified translated copy of his birth certificate from the Socialist Republic of Vietnam, dated October 9, 2004. The salient information reflected therein is that Lanh Huu Nguyen was born in

---

[4] "If I knew I could have my birth date changed when I applied for citizenship, I would have done it. I never knew I could have done that. So I thought it was illegal to put different birth date, to go back to my original birth date with all the documents showing different birth date, so I didn't do it. If I knew that was could have been done, I could – could have been done when I apply for my citizenship. I never knew it could have been done. And that, that could be a big save for me too instead of waiting 17, 18 years later and I – we got to go through a whole deal here, a lot of work." Hr'g. Tr. at p. 5.

the district of Tuy Hoa, city of Phu Yen, Vietnam to An Huu Nguyen and Len Thi Luu on September 30, 1960. *See supra* note 3. Both the original and the translated copies have appropriate certification stamps.

Nguyen admits that he has consistently misrepresented his date of birth to the United States but further represents that his sole motive for changing his birth date is just to have his personal history properly and accurately reflected. Other than having his personal history corrected, there is no other benefit he could receive or has received by using the younger date of birth.

### III. DISCUSSION

As required by the regulations, Nguyen filed an Application, Form N-565, to correct his Certificate of Naturalization with Immigration Naturalization Service, an agency now encompassed within Homeland Security. The relevant regulation can be found at 8 C.F.R. § 338.5, which states as follows:

> (a) Whenever a Certificate of Naturalization has been delivered which does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate, an application for issuance of a corrected certificate, Form N-565, without fee, may be filed by the naturalized person. The application shall be filed at the Service office having jurisdiction over the place of residence of the applicant.
>
> (e) The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

Under this regulation, the Certificate of Naturalization may be changed in order to resolve factual discrepancies or to conform the facts with the Application for Naturalization, or to correct clerical errors. In reviewing Nguyen's Application, both the administrative law judge and the AAO noted that his request did not identify any clerical error and, strictly adhering to the proscription of this regulation, found his Application "not justified." Even though the agency has denied his

Application, Nguyen was not without remedy and filed his Petition with a district court. 8 C.F.R. § 334.16;[5] *In re Lee*, 2007 WL 926501 (N.D. Cal. Mar. 26, 2007).

Nguyen bears a "stringent burden" in demonstrating to the Court that the date of birth on the Certificate of Naturalization is incorrect. *Liu v. Immigration & Naturalization Serv.*, 1998 WL 809037, at *2 (N.D.N.Y. Nov. 17, 1998). "This burden must be carried with 'unequivocal evidence as to the applicant's true date of birth.'" *In re Osman*, 2007 WL 1480966, at *1 (W.D.N.Y. May 20, 2007) (quoting *Liu v. Immigration & Naturalization Serv.*, 1998 WL 809037, at *2). Noting that the federal regulations governing amending certificates of naturalization resist making such changes to the certificate for any reason other than clerical error, *Varghai v. INS, Dist. Dir.*, 932 F. Supp. 1245, 1246 (D.Or. 1996), courts have often hewed closely to the directions of these regulations as well. *See Application of Yu Hong Ting*, 446 F. Supp. 203 (S.D.N.Y. 1978) (petition denied in light of policy). Still, courts have the authority to permit an amendment of the certificate in order to correct the petitioner's date of birth. *Kouanchao v. United States Citizenship and Immigration Servs.*, 358 F. Supp. 2d 837 (D. Minn. 2005).[6]

---

[5] 8 C.F.R. § 334.14(b) states in part,
Whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located, in the manner and within the time provided by the rules of court in which application is made. No objection shall be made to the amendment of a petition for naturalization after the petitioner for naturalization has been admitted to citizenship if the motion or application is to correct a clerical error arising from oversight or omission. A representative of the Service may appear at the hearing upon such application and be heard in favor of or in opposition thereto. When the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the Service file.

[6] Stressing this point, the *Kouanchao* court cited Judge Learned Hand for the proposition that

[n]o one wants gratuitously to impose upon naturalization proceedings that technical spirit which easily follows a literal application of so detailed a statute, and which results in vexatious disappointment, and in needless irritation, to a defenseless class of persons necessarily left to the guidance of officials, except in so far as the courts may mitigate the rigors of their interpretation.

*Kouanchao v. United States Citizenship and Immigration Servs.*, 358 F.Supp. 2d 837, 839 (D.Minn. 2005) (quoting

Where there is no evidence of fraud, courts have carefully weighed whether amendments to the certificate of naturalization should be awarded. *In re Hua*, 2007 WL 1087563, at *1 (W.D.N.Y. Apr. 9, 2007) (citing, *inter alia*, *Duc Minh Ha v. United States Citzenship & Immigration Servs.*, 2006 WL 1997360, at *4-6 (D. Minn. July 14, 2006) & *In re Lee*, 2007 WL 926501, at *2-3) (absence of fraud)). Ostensibly, the degree of any misrepresentation is critical in this determination.

In terms of Nguyen meeting his strict burden of presenting unequivocal evidence as to his true birth date of September 30, 1960, we find his testimony and the certified copy of his birth certificate to be sufficient. We find his testimony to be credible and his certified birth certificate from his home district and province to be authentic and in order. *In re Osman*, 2007 WL 1480966 (finding that petitioner failed to give the government proper notice and his papers were not in order); *In re Hua*, 2007 WL 1087563 (finding that petitioner did not present authenticated birth certificate); *In re Nguyen*, 2006 WL 2860814 (D.Minn. Oct. 4, 2006) (ruling that petitioner failed to provide authenticated certified documents); *In re Motion to Correct Certificate of Naturalization*, 2006 WL 2882574 (D.N.J. Oct. 3, 2006) (petition denied without prejudice so that he could correct his application to the court); *Liu v. Immigration & Naturalization Servs.*, 1998 WL 809037, at *2 (the translation of the document had not been authenticated). Since Nguyen has admitted to providing United States Officials with an inaccurate birth date, we must determine, however, if his misrepresentations within official documents constitute a fraud.

Similar to our facts, in 1944, Soukanh Kouanchao obtained a false birth certificate in order

---

*In re Denny*, 240 F. 845, 846 (S.D.N.Y. 1917)).

to register for high school in his home country. *Kouanchao v. United States Citizenship and Immigration Servs.*, 358 F. Supp. 2d 837. Kouanchao used that same false birth date for more than forty years and throughout his naturalization process. Having fled a war-torn nation and possessing no documentation, the court concluded that it was reasonable for Kouanchao to believe that confirmation of his exact birth date would be difficult. The court also decided that his acts of perpetuating the wrong birth date was "careless[] rather than wilful misrepresentation." *Id*. at 838. Noting that it would have been preferable if Kouanchao had not made this mistake, the court found that his application was not barred in light of lack of prejudice suffered by the government and no gain of benefits for him. Satisfied that his error was not made with any improper motive to mislead the government, the court found that Kouanchao has shown good cause for amending his certificate of naturalization. *Id*. at 839-40.

Gan Nguyen's life experience paralleled those of Kouancaho and he too used a false birth date for more than twenty-seven years. *In re Nguyen*, 2006 WL 2860814. In reviewing his petition to change his birth date on his certificate of naturalization, the court found that he had neither intentionally misled the government nor received any benefits by misstating his age. However, had Gan Nguyen submitted the same quantity and quality of records as Kouanchao, a birth certificate with the requisite authentication and genuineness, his petition would not have been dismissed without prejudice. *See also In re Lee*, 2007 WL 926501, at *3 (in granting the petition the court found no "significant fraudulent activity on the part of the petitioner"); *cf In re Shrewsbury*, 1996 WL 64988, 77 F.3d 490 (9th Cir. 1996) (unpublished opinion) (noting that there is no authority to

correct a petitioner's "deliberate falsehoods").[7]

Here, Nguyen acknowledges his misapprehension in believing that he would have to be younger than his actual age in order to attend school in the United States and his representation of an inexact birth date that would accommodate him in attending an American school. Yet, it is also fair for him, like Kouanchao, to assume that it would be very difficult to expose his misrepresentation without possessing proper documents. And had he possessed such documents, his hesitancy to present said documents out of fear of sanction or reprisal is understandable. Although the altered birth date constitutes a misrepresentation, there is no benefit that Nyugen can derive from correcting the birth date other than resurrecting the truth.[8] Indeed the government was not mislead to its detriment in accepting that he was nine years younger than his actual age and we find that the revelation of his actual age would not have defeated his entry into this country.

As acknowledged in the precedents cited above, there are degrees of misrepresentations. We do not find that Nguyen's misstatements rise to the level of "deliberate falsehoods" as found in *in re Shrewsbury*. Nguyen's misguided statement about his birth date were naive. The only repercussion are his conscience and the actual truth.

Therefore, since he has presented unequivocal proof of his actual birth date, and this Court finding no fraud, we recommend that his Petition be granted.

### IV. CONCLUSION

---

[7] Connie Hoang Shrewsbury's misrepresentation was rather devious and profitable. She took her older sisters name and birth date for the sole purpose of marrying an American who would bring her to the United States. *In re Shrewsbury*, 77 F.3d 490 (9th Cir. 1996).

[8] No benefit was proffered in his testimony or previous submission to the Court, however, in his post-hearing brief, Nguyen suggests that "he might benefit from the younger birth date, but he is seeking to use the older birth date, which might disqualify him from some opportunities." Dkt. No. 17, Pet.'s Post-Hrg. Br., at p. 5. However, he does not provide a description of those opportunities.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition to Amend his Certificate of Naturalization be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  July 10, 2007
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge